UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN R. FEGAN, | ) | 1:11-cv-01863-JLT HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS SUCCESSIVE PETITION FOR |
| v. | ) | WRIT OF HABEAS CORPUS PURSUANT |
| | ) | TO 28 U.S.C. § 2244(b) |
| WARDEN, | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ASSIGN CASE TO DISTRICT JUDGE |
| Respondent. | ) | |
| | ) | ORDER DIRECTING OBJECTIONS TO BE |
| | | FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the petition filed on November 9, 2011, Petitioner challenges his 1995 conviction in Merced County Superior Court of two counts of first degree murder, arson, and first degree burglary in the deaths of Petitioner's estranged wife and boyfriend, for which Petitioner was sentenced to two life terms without the possibility of parole. (Doc. 1, p. 1).

A review of the Court's dockets and files shows Petitioner has previously sought habeas relief with respect to this conviction on multiple occasions.[1] In case no. 1:99-cv-06427-OWW-LJO,

---

[1] The Court takes judicial notice of its own docket in case nos. 1:99-cv-06427-OWW-LJO; 1:06-cv-00531-OWW-DLB; and 1:08-cv-01371-JLT. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal.1978), aff'd, 645 F.2d 699, (9th Cir.) (Judicial notice may be taken of court records).

the petition raised three grounds for relief, including ineffective assistance of counsel, failure to instruct on self-defense and imperfect self-defense, and failure to instruct on evidence of mental disorder and head trauma.  On June 5, 2002, the Magistrate Judge filed Findings and Recommendations recommending that the petition be denied on its merits.  On January 6, 2003, the district judge adopted the Findings and Recommendations and entered judgment against Petitioner.  On appeal, the Ninth Circuit refused to issue a certificate of appealability.

On May 3, 2006, Petitioner filed another habeas petition challenging his 1996 conviction, this time in the Southern District of California, which was subsequently transferred to this Court and given case no. 1:06-cv-00531-OWW-DLB.  In that petition, Petitioner raised three claims: ineffective assistance of trial counsel, illegal use of a special circumstance to enhance Petitioner's sentence, and failure of the trial court to consider mitigating circumstances. The Magistrate Judge issued Findings and Recommendations to dismiss the petition as a second and successive petition on July 18, 2006.  Those Findings and Recommendations expressly referenced Petitioner's 1999 federal petition as its predecessor.  On September 19, 2006, the district judge adopted the Findings and Recommendations, entered judgment, and dismissed the petition.  On April 2, 2007, the Ninth Circuit again refused to issue a certificate of appealability.

On September 15, 2008, Petitioner filed his third petition challenging his 1996 conviction in case no. 1:08-cv-01373-JLT.  In that petition, Petitioner challenged the trial judge's refusal to recuse himself, alleged a tainted jury pool due to excessive publicity, and ineffective assistance of trial counsel.  On March 3, 2010, unaware of Petitioner's earlier two petitions, the Court dismissed the petition as untimely under 28 U.S.C. 2244(d)(1).  Petitioner appealed that dismissal to the Ninth Circuit on July 26, 2010, and it appears that his appeal is still pending.

In the instant petition, Petitioner has again challenged his 1996 conviction by raising two claims: (1) ineffective assistance of trial counsel in not raising an insanity defense; and (2) Petitioner's mental impairments have prevented Petitioner, until now, from raising the issues in the instant petition. (Doc. 1, p. 4).

**DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a

1  prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition
2  raising a *new ground* unless the petitioner can show that 1) the claim rests on a new, retroactive,
3  constitutional right or 2) the factual basis of the claim was not previously discoverable through due
4  diligence, and these new facts establish by clear and convincing evidence that but for the
5  constitutional error, no reasonable fact-finder would have found the applicant guilty of the
6  underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

7  However, it is not the district court that decides whether a second or successive petition
8  meets these requirements that allow a petitioner to file a second or successive petition, but rather the
9  Ninth Circuit. Section 2244 (b)(3)(A) provides: "Before a second or successive application
10 permitted by this section is filed in the district court, the applicant shall move in the appropriate
11 court of appeals for an order authorizing the district court to consider the application."  In other
12 words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive
13 petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must
14 dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to
15 file the petition because a district court lacks subject-matter jurisdiction over a second or successive
16 petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d
17 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990,
18 991 (7th Cir. 1996).

19 Because the current petition was filed after April 24, 1996, the provisions of the
20 Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current
21 petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). ***Petitioner makes no showing that he has***
22 ***obtained prior leave from the Ninth Circuit to file his successive petition attacking his 1996***
23 ***Merced County conviction.*** To the contrary, Petitioner appears to believe that he can serially file
24 federal petitions in this Court that attack his 1996 conviction and that, eventually, one will be
25 allowed to proceed. This is incorrect. As discussed, only the Ninth Circuit has authority to permit
26 Petitioner to proceed on a successive petition. That being so, this Court has no jurisdiction to
27 consider Petitioner's renewed application for relief from that conviction under § 2254 and must
28 dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires

to proceed in bringing this petition for writ of habeas corpus, **he must first file for leave to do so with the Ninth Circuit**. See 28 U.S.C. § 2244 (b)(3).

### ORDER

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign this case to a United States District Judge.

### RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as successive.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 17, 2011**                    /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE